**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROMEL VALENTINO WHITE,
  *Petitioner-Appellant,*

  v.

MIKE MARTEL, Warden,
  *Respondent-Appellee.*

No. 08-16387

D.C. No.
2:06-cv-02840-JKS-
EFB

ORDER AND
OPINION

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted
March 9, 2010—San Francisco, California

Filed April 7, 2010

Before: J. Clifford Wallace, Susan P. Graber and
M. Margaret McKeown, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Charles M. Bonneau, II, Esq., Sacramento, California, for petitioner-appellant Romel Valentino White.

Justain P. Riley, Esq., Deputy State Attorney General, Sacramento, California, for respondent-appellee Mike Martel, Warden.

---

**ORDER**

This order redesignates the memorandum filed on March 19, 2010, as a published per curiam opinion.

---

**OPINION**

PER CURIAM:

Petitioner White appeals from the district court's dismissal of his habeas petition as untimely. We review a district court's denial of a habeas corpus petition de novo. *Gonzalez v. Brown*, 585 F.3d 1202, 1206 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

**I.**

**[1]** The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) has a one-year statute of limitations for habeas cases by persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations may be tolled for the time during which a "properly filed" state habeas petition is pending. *Id.* § 2244(d)(2). The Supreme Court has made it clear that "[w]hen a postconviction [habeas] petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v.*

*DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation marks omitted). Such a petition is not "properly filed" so as to trigger statutory tolling. *Id.* at 417. We have held that, pursuant to *Pace*, tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards. *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Here, California state courts determined that White's state habeas petition was untimely under state law. Therefore, there was no "properly filed" state petition, and White was not entitled to statutory tolling of AEDPA's one-year statute of limitations during the time period when those state habeas proceedings were pending.

White argues that California's timeliness rule is not an "adequate" procedural bar because it is vague, ambiguous, and inconsistently applied. However, the adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was "properly filed" for purposes of section 2244(d)(2). *See Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009). White's reliance on procedural bar case law is misplaced. *Id.* at 1018 n.3. White is not entitled to statutory tolling of the AEDPA statute of limitations.

## II.

White argues alternatively that equitable tolling should apply to render his federal habeas petition timely. We construe this argument as a motion to expand the Certificate of Appealability in this case to include the issue of equitable tolling, and we grant the motion. *See* Ninth Circuit Rule 22-1(e). We review de novo the question of whether a statute of limitations should be equitably tolled. *Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir.), *cert. denied*, 129 S. Ct. 397 (2008).

**[2]** White's primary argument for equitable tolling is that *Pace* overruled earlier Ninth Circuit case law and that, until this court's mandate issued in *Bonner*, he reasonably relied on earlier circuit precedent that would have tolled the AEDPA

statute of limitations for the entire time that he was seeking state habeas relief. To qualify for equitable tolling, petitioners "must demonstrate that they have been pursuing their rights diligently and that some extraordinary circumstance stood in their way." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (internal quotation marks and alterations omitted).

**[3]** *Bonner* was decided on October 6, 2005. White's state petition was first held untimely on January 6, 2006. *Bonner*'s mandate issued on March 20, 2006. Yet White waited until December 14, 2006—more than 14 months after *Bonner,* more than 11 months after the state superior court held his state petition untimely, and almost nine months after the *Bonner* mandate—to file his federal petition. The Supreme Court in *Pace* acknowledged that "a petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' and thus that his federal habeas petition is time barred," but suggested that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (some internal quotation marks omitted). White insists that such a stay and abeyance might have been denied, and that this course of action would have been pointless or even detrimental. But by January 6, 2006, White had little to lose in filing in federal court and seeking a stay and abeyance, because by then he knew (a) that his state petition had been held untimely by the state superior court, and (b) that, under *Bonner*, the state court ruling of untimeliness would preclude tolling of the AEDPA statute of limitations—yet he waited until December 14, 2006, to act in federal court. Such a delay does not demonstrate the diligence required for application of equitable tolling. We hold that White's case does not warrant an application of equitable tolling.

White has asked that we take judicial notice of certain facts in support of his equitable tolling argument: (1) the *Bonner*

docket sheet; (2) proceedings in another California habeas case; and (3) state bar records reflecting disciplinary proceedings against White's former counsel. Those facts are appropriate for judicial notice, and we therefore grant White's request. *See United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (order); *Corder v. Gates*, 104 F.3d 247, 248 n.1 (9th Cir. 1996). However, the facts that are the subject of White's requests for judicial notice do not alter our analysis of his entitlement to equitable tolling.

## III.

Finally, White argues that, as to one of his state habeas claims, the state superior court did not make an untimeliness finding but instead dismissed the claim on its merits; therefore, statutory tolling operates to render his federal habeas petition timely as to that claim. We do not reach this argument. White does not appear to have made this argument in the district court; his opposition to the motion to dismiss does not suggest that one claim in his state habeas petition might stand in a different legal posture than the others as to untimeliness. Generally, arguments not raised before the district court are waived on appeal. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). Also, this issue is not encompassed by the Certificate of Appealability, and we will not expand the certificate to include it.

**AFFIRMED.**