NOT FOR PUBLICATION

FILED

JAN 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT LEE FRYBURGER,

Petitioner - Appellant,

v.

BEN CURRY,

Respondent - Appellee.

No. 10-15202

D.C. No. 3:09-cv-00975-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

California state prisoner Robert Lee Fryburger appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Fryburger contends that his petition was timely. However, he is not entitled to statutory gap tolling because the twenty-two month delay between the California Court of Appeal's denial of his habeas petition and the date he filed his California Supreme Court habeas petition was unreasonable. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006) (unexplained, and hence unjustified, six-month filing delay not reasonable); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (petitioner not entitled to statutory tolling because delays of 115 days and 110 days between the filing of petitions were unreasonable). Further, the petitions he filed or attempted to file during this twenty-two month delay do not entitle him to statutory tolling. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001) (pending federal habeas petition does not statutorily toll limitation period); *White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010) (per curiam) (statutory tolling unavailable when a state petition is deemed untimely). Because more than one year elapsed between the California Court of Appeal decision and the date Fryburger filed his

---

[1] We grant Fryburger's request to certify for appeal the issue of whether the district court properly dismissed the section 2254 petition as untimely. The state has fully briefed the issue that we certify for appeal.

habeas petition in the California Supreme Court, his federal habeas petition was untimely. *See* 28 U.S.C. § 2244(d)(1).

Fryburger is not entitled to equitable tolling because he has not demonstrated that an "extraordinary circumstance" prevented him from timely filing his habeas petition. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

**AFFIRMED.**