**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UBALDO M. GUTIERREZ,<br><br>Petitioner - Appellant,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Respondent - Appellee. | No. 09-55100<br><br>D.C. No. 2:07-cv-00122-MMM-MLG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted January 10, 2011
Pasadena, California

Before: O'SCANNLAIN, W. FLETCHER, and CLIFTON, Circuit Judges.

Ubaldo Gutierrez, a California state prisoner, appeals from the district

court's dismissal of his habeas petition as untimely under 28 U.S.C. § 2244(d)(1).

The facts are known to the parties and will not be repeated here except to the extent

necessary.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Gutierrez is not entitled to statutory tolling for the 134-day period between the superior court's denial of his habeas petition[1] and the filing of habeas and coram nobis petitions in the court of appeal. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (holding that filing delays of 101 and 115 days did not warrant statutory tolling where the petitions offered no explanation for the delays as required under California law).

Gutierrez is also not entitled to equitable tolling for the same 134-day period.[2] His confusion about the proper address of the court of appeal does not constitute an "extraordinary circumstance," but rather a "garden variety claim of excusable neglect" that "does not warrant equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2563–64 (2010) (internal quotation marks omitted).

**AFFIRMED.**

---

[1] Gutierrez has waived the argument that he is entitled to statutory tolling because the superior court did not issue a separate ruling on his coram nobis petition. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

[2] We construe Gutierrez's opening brief as a motion to expand the certificate of appealability to include a claim of equitable tolling, and we grant the motion. *See White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (per curiam).