**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BOB KAUFMAN, | No. 10-15799 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-03755-EDL |
| v. | |
| CITY OF SAN FRANCISCO; HEATHER FONG, in her official capacity as Police Chief of the City of San Francisco; SAN FRANCISCO POLICE DEPARTMENT; KYLE CHING, (#1133); ALEXANDER KWAN, (#1539); SUSAN LAVIN, (#4197); MCDONALD, Officer (#305), | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: THOMAS, McKEOWN, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Bob Kaufman appeals the district court's grant of summary judgment in favor of the City of San Francisco and its officials. We review de novo and may affirm on any ground supported by the record. UMG Recordings, Inc. v. Augusto, 628 F.3d 1175, 1178 (9th Cir. 2011). We conclude that Kaufman lacks standing, and we vacate the grant of summary judgment and remand to the district court with instructions to dismiss. See Serena v. Mock, 547 F.3d 1051, 1054 (9th Cir. 2008).

In his 42 U.S.C. § 1983 action, Kaufman alleges that the notices he received regarding post-tow hearings were deficient under state law because they failed to indicate a hearing could be requested by mail. However, Kaufman was aware that he could request a hearing by mail. He therefore lacks standing to challenge the sufficiency of the notice because he has no redressable injury. See Serena, 547 F.3d at 1054; Lone Star Sec. and Video, Inc. v. City of L.A., 584 F.3d 1232, 1238 (9th Cir. 2009) .

Kaufman did not request in-person hearings by mail—he filed forms requesting a "supervisor's review" of the tows by mail. Because Kaufman did not request an in-person hearing, he lacks standing to challenge the sufficiency or timing of the hearings under state or federal law. See Serena, 547 F.3d at 1054 (failure to apply deprives a plaintiff of standing to challenge subsequent

procedures). We note, however, that the record contains uncontroverted evidence that the department did consider and adjudicate Kaufman's claims.

Kaufman also lacked standing to seek prospective injunctive relief because he did not demonstrate that he "is threatened with a concrete and particularized legal harm . . . [and] a sufficient likelihood that he will again be wronged in a similar way." See Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (internal quotation marks and citations omitted). We affirm the district court's dismissal of Kaufman's claim for injunctive relief for lack of standing. See City of L.A. v. Lyons, 461 U.S. 95 (1983).

We decline to consider Kaufman's claims, raised for the first time on appeal, that the supervisor's reviews and notifications of the final determinations were untimely. See White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) ("Generally, arguments not raised before the district court are waived on appeal.").

Each party shall bear its own costs on appeal.

**VACATED and REMANDED with instructions to DISMISS.**