**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL PINA, | No. 08-35328 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01547-BHS |
| v. | |
| HAROLD CLARKE, Secretary, DOC; THEODORE LEWIS, CCO, DOC; CLY F. EVANS, RAPM, DOC; DAVID GIKLEY, RAPM; PATRICIA TURNER, CCO; GARY RINK, CCO; TROY DUXBURY, CCO; RAYMOND BROOKS, CCO; DAVID V. MCNEILL; ROBERT B. LITTLEJOHN; RICK L. MINNICH; MARTY GUNDERSON; ROBERT SCHILLING; CHARLES L. MALONE, DOC Risk Mitigation Manager, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 4, 2011
Seattle, Washington

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Michael Piña appeals the district court's dismissal of his 42 U.S.C. § 1983 action alleging violations of his constitutional rights by Department of Corrections (DoC) and Seattle Police Department officials in implementing Washington's sex offender registration and community custody programs. We affirm.

Piña argues that he was entitled to due process before his sex offender risk level status was elevated because he had a constitutionally protected liberty interest at stake. The district court properly dismissed the DoC defendants as to this claim because Piña failed to allege personal involvement by any DoC defendants with respect to elevation of his risk status. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (to state a claim under 42 U.S.C. § 1983, plaintiff must allege "personal participation in the alleged rights deprivation"). Any statements by DoC officials regarding Piña's risk level separate from the official elevation did not rise to the level of constitutional violations. See Paul v. Davis, 424 U.S. 693, 698 (1976) (Even if state officials' acts were to qualify as defamation under state law, such "action is [not] . . . transmuted into one for deprivation by the State of rights secured under the Fourteenth Amendment.").

The district court properly found that Detective Robert Schilling was entitled to qualified immunity. We have not previously addressed whether an individual

has a liberty interest at stake in risk level classification under Washington law. We have, however, held that individuals do not have a privacy right at stake in the statute's notification provisions. See Russell v. Gregoire, 124 F.3d 1079, 1094 (9th Cir. 1997) ("The collection and dissemination of information under the Washington Law does not violate any protected privacy interest, and does not amount to deprivation of liberty or property."). The Washington Supreme Court has interpreted Russell to hold generally that the Washington sex offender registration statute does not implicate a protected interest, although that case did not address the elevation claim made here. See In Re Meyer, 16 P.3d 563, 618 (Wash. 2001). In line with these cases, we are unpersuaded that Piña was entitled to a hearing prior to the elevation of his risk level status. In any event, a reasonable official in Schilling's position would lack notice of any protected interest. Schilling is therefore entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 815 (2009) (An official is entitled to qualified immunity if the "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks and citation omitted)).

Piña argues that DoC officials violated his Fourth, Fifth, and substantive due process rights during implementation of the polygraph testing required by Piña's

3

community custody conditions. Piña failed to allege an unlawful search or a Fourth Amendment violation before the district court, and that claim is therefore waived. See White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) (per curium) ("Generally, arguments not raised before the district court are waived on appeal.").

To the extent Piña argues that his exercise of Fifth Amendment rights was in fact used against him, he limits that argument to the moments at which he refused to sign the polygraph waiver forms, expressly declining to argue that his incarceration for failure to abide by community custody conditions constituted the basis of his Fifth Amendment claim. As noted in his reply brief, "Piña merely takes issue with the way the process was actually applied, challenging . . . the DoC Appellees' effort to get him to preemptorily waive his Fifth Amendment rights." Piña has thus failed to allege that his exercise of Fifth Amendment rights was used against him as required to sustain a 42 U.S.C. § 1983 action. See Chavez v. Martinez, 538 U.S. 760, 769 (2003) ("[M]ere coercion does not violate the text of the Self-Incrimination Clause absent use of the compelled statements in a criminal case against the witness."); see also Image Technical Serv., Inc. v. Eastman Kodak Co., 136 F.3d 1354, 1356 (9th Cir. 1998) (matters "not specifically and distinctly argued in appellant's opening brief" are ordinarily waived).

Because Piña's substantive due process claim relies on the alleged Fourth and Fifth Amendment violations, the claim is properly brought under those amendments and not the Fourteenth Amendment. See Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996), ("[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." (citations, internal quotations, and brackets omitted)), *overruled in part on other grounds as recognized by* Nitco Holding Corp. v. Boujikian, 491 F.3d 1086 (9th Cir. 2007).

Piña also argues that his risk level elevation was based on facts not found by a jury and thus violated the Sixth Amendment. We have previously held that "the registration provisions of [Washington's sex offender statute] do not amount to punishment subject to the Ex Post Facto clause," and in doing so we applied the factors relevant for determining whether an act constitutes punishment under the Sixth Amendment. See Russell, 124 F.3d at 1089. Accordingly, Piña's Sixth Amendment claim is foreclosed by Russell.

**AFFIRMED.**

5