**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MID-CONTINENT CASUALTY COMPANY, an Oklahoma corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> TITAN CONSTRUCTION CORPORATION, a Washington corporation; CERTAIN UNDERWRITERS AT LLOYDS OF LONDON, a foreign corporation; NATIONAL UNION FIRE INSURANCE CO, a Pennsylvania corporation, <br><br> Defendants - Appellees. | No. 09-35919 <br><br> D.C. No. 2:05-cv-01240-MJP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 3, 2011
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mid-Continent Casualty Company ("Mid-Continent") appeals the district court's summary judgment in favor of Titan Construction Corporation ("Titan") in this diversity action regarding an insurance coverage dispute arising from the negligent construction of the Williamsburg Condominiums in Renton, Washington. In April 1998, Kennydale Vista, LLC ("Kennydale") contracted with Titan to construct the Williamsburg Condominiums. The Williamsburg Condominium Association later filed a construction defect suit in Washington state court against multiple defendants, including Kennydale. Kennydale subsequently brought a third-party complaint against Titan, and the two parties settled, with Titan making a lump-sum payment to Kennydale and assigning its rights against Mid-Continent to Kennydale. Mid-Continent, Titan's insurer, sought a declaratory judgment in federal court that it had no obligation to indemnify or defend Titan, Kennydale, or various other defendants. The parties filed cross motions for summary judgment.

The district court initially granted summary judgment in favor of Mid-Continent, finding Titan's insurance covered only "occurrences" and that no "occurrence" took place in this case. A prior panel of this court reversed, holding that negligent construction of the Williamsburg Condominiums constituted an "occurrence" and thus coverage existed under the policy. The panel also concluded that two of the policy's specific exclusions, 2(k) and 2(l), did not apply

2

and remanded to the district court "for further proceedings concerning the applicability of the remaining conclusions." On remand, the district court entered summary judgment in favor of Titan, concluding that Mid-Continent failed to raise a triable issue as to the applicability of the remaining policy exclusions. We affirm.[1]

Mid-Continent raises numerous arguments on appeal that were not presented to the district court, and we decline to address those arguments, including that Titan is not the real party in interest[2] and that the district court erred in allocating damages. See White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) ("Generally, arguments not raised before the district court are waived on appeal.").

We also decline to revisit the holdings of the prior panel of our court to decide this case with respect to the duty to defend, actual liability, and Exclusion 2(l). See Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir. 1995) ("[O]ne panel of an appellate court will not as a general rule reconsider questions which another panel

---

[1] The parties dispute whether the notice of appeal was timely filed, but we assume that it was because the district court initially did not enter an amended judgment reflecting the judgment amount and Mid-Continent filed the Notice of Appeal within 150 days of the order granting Titan's motion to amend the judgment. See Fed. R. Civ. P. 58(a).

[2] Although Mid-Continent advanced to the district court various arguments that Titan is not the real party in interest, it did not present the argument now made on appeal, namely that the Kennydale settlement extinguished the claims at issue.

3

has decided on a prior appeal in the same case." (citation and internal quotation marks omitted)).

Mid-Continent argues on appeal that two exclusions not addressed by the prior panel apply: Exclusion 2(a) for damages the insured expected or intended and the mold, mildew, and fungus exclusion. It is well-established under Washington law that if the insured makes out a prima facie case of coverage, as Titan has, the insurer then has the burden of proving that an exception to coverage applies. Aetna Ins. Co. of Hartford v. Kent, 12 Wash. App. 442, 447 (Wash. App. 1975).

Mid-Continent contends that Exclusion 2(a) applies because Titan expected or intended the damage to the condominiums. We affirm the district court's conclusion that Mid-Continent failed to meet its burden with respect to Exclusion 2(a) because Mid-Continent failed to submit any authenticated evidence of Titan's expectations or intent. See Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532-33 (9th Cir. 2011) ("unauthenticated documents cannot be considered in a motion for summary judgment").

The final[3] dispute is whether the mold exclusion, which "exempts from coverage any costs or expenses associated, in any way, with the abatement, [or] mitigation, . . . of any fungus, mildew, mold, or resulting allergens," is applicable. Mid-Continent argued in opposition to Titan's motion for summary judgment that Titan's expenditures "were specifically for damage caused by fungus, mildew, and mold." The district court properly concluded that Mid-Continent failed to provide any "evidence on which a jury could reasonably find" that the settlement included any costs or expenses associated with mold, mildew, or fungus. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the [party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [party].").

**AFFIRMED.**

---

[3] Mid-Continent conceded at oral argument that its only challenge to the award of attorney's fees was that if the case were reversed on the merits, then the fees and costs should be reconsidered. In light of our decision, there is no dispute as to the fees and costs awarded by the district court.