**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS MONTOYA,

                Petitioner - Appellant,

    v.

KIM JONES, Warden,

                Respondent - Appellee.

No. 11-35695

D.C. No. 3:07-cv-00379-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted February 4, 2013
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

    Carlos Montoya appeals the district court's dismissal of his petition for a

writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We review de novo the

district court's dismissal of the petition. *White v. Martel*, 601 F.3d 882, 883 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Cir. 2010) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

1. Montoya was charged with three counts of lewd conduct with a minor under the age of sixteen, in violation of Idaho Code § 18-1508. The first count was for "manual/genital contact with the intent of appealing to, arousing, or gratifying the sexual desires of [Montoya]." The second and third counts used the same language, except the second count was for "oral/genital contact" and the third was for "genital/genital contact." At trial, the jury was told in Instruction No. 18 that the state had to prove, in relevant part, that Montoya had "committed an act of manual-genital contact or oral-genital contact or genital-genital contact *or any other lewd or lascivious act* upon or with the body of [the victim]," and that the act was intended "to arouse, appeal to, or gratify the lust or passions or sexual desires *of either of them*." (emphases added).

2. On direct review, the Idaho Court of Appeals determined that Jury Instruction No. 18 varied from the charging document, and that this variation violated Montoya's constitutional right to notice. The Idaho Court of Appeals nevertheless affirmed the conviction on the ground that the error was harmless. The only issue before this court is whether the error was prejudicial under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). An instructional error is prejudicial under *Brecht* "if, after reviewing the record as a whole, [the court] conclude[s] that there

was a substantial and injurious effect or influence on the verdict, or if [the court is] 'left in grave doubt' as to whether there was such an effect." *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). Here, the error did not have a substantial or injurious effect or influence on the verdict. The only two witnesses who testified at trial were Montoya and the victim. Because Montoya offered only a general denial of the victim's testimony — and did not impeach the victim or offer another version of events — the jury had to determine whether to believe either the victim's testimony or Montoya's testimony. Therefore the jury must have credited the victim's testimony that described specific acts consistent with the charging document.

**3.** Montoya also raised three uncertified issues in his opening brief. He contends that (1) prosecutorial misconduct violated his due process rights, (2) he was deprived of his Sixth Amendment rights to effective assistance of counsel, and (3) he was deprived of his right to a speedy trial. Montoya, however, has not made a substantial showing of the denial of any of these rights, and therefore we decline to issue a certificate of appealability on these uncertified issues. *See* 28 U.S.C. § 2253(c)(2).

AFFIRMED.