**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRAHAM ROGER-LEE DE-LUIS-CONTI, | No. 09-17048 |
| Petitioner - Appellant, | D.C. No. 4:05-cv-02245-SBA |
| v. | MEMORANDUM[*] |
| M. S. EVANS, Warden, Salinas Valley State Prison, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted February 14, 2013[**]
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Graham Roger-Lee De-Luis-Conti appeals the district court's denial of his

28 U.S.C. § 2254 petition. Conti challenges several state court convictions,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claiming that he was denied effective assistance of counsel and that insufficient evidence supported his conviction under California Penal Code sections 269(a)(5) and 289(a). We have jurisdiction under 28 U.S.C. § 2253(a). We affirm.

We review de novo the district court's denial of a habeas corpus petition. *See, e.g.*, *Ali v. Hickman*, 584 F.3d 1174, 1181 (9th Cir. 2009) (citing *Juan H. v. Allen*, 408 F.3d 1262, 1269 n.7 (9th Cir. 2005)). This case is governed by AEDPA. 28 U.S.C. § 2254. Under § 2254(d), we review whether the last state court decision on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Once we have conducted an intrinsic review of the state court's fact finding process, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, i.e., evidence presented for the first time in federal court." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). Extrinsic evidence is sufficient to overturn the state court's fact-finding "only if such new evidence amounts to clear and convincing proof that the state-court finding is in error." *Id*. (citing § 2254(e)(1)).

2

When reviewing a state court's determination of a *Strickland* claim under AEDPA, the question that we must ask is whether the state court's application of the *Strickland* standard was unreasonable, and not just whether defense counsel's performance fell below that standard. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Id.* at 786 (internal quotation and citation omitted).

Conti claims that the California Supreme Court erred when it denied his ineffective assistance of counsel claim on collateral review. Where, as here, the state court has not provided a reasoned decision for its denial, we must "perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (internal quotation and citation omitted). Conti asserts that the state court's determination of his *Strickland* claim may be overturned under AEDPA because the California Supreme Court did not conduct an evidentiary hearing to determine the extent of his skin disease at the time of the assaults. This, Conti argues, "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). The California Supreme Court did not misinterpret *Strickland*. Its

3

determination that an evidentiary hearing was unnecessary was not unreasonable. *Id*.

To prevail on his claim of ineffective assistance of counsel under *Strickland*, Conti would need to show that his trial counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 686–93 (1984). His counsel's strategic choice not to obtain an expert opinion about Conti's skin condition satisfies neither of the prongs. *See Harrington*, 131 S. Ct. at 787. Conti testified at trial that he did not walk around naked because he had "spots, boils, [and] scar tissue" on his "buttocks, thighs, . . . and groin area" due to "[c]hronic acne." According to Conti, this testimony would have undermined the credibility of the victims because it would have impeached their testimony that they did not remember any distinguishing marks on his body. An attorney's choice to impeach a witness is a matter of trial strategy, *see Gustave v. United States*, 627 F.2d 901, 905 (9th Cir. 1980), and failing to impeach a witness on a clearly collateral matter cannot be said to be outside of the "wide range" of reasonable professional assistance, *see Plascencia v. Alameida*, 467 F.3d 1190, 1198–99 (9th Cir. 2006); *Bergman v. McCaughtry*, 65 F.3d 1372, 1380 (7th Cir. 1995). Conti's convictions do not necessitate a finding that the victims ever saw him nude, and Conti's own testimony placed the issue of his skin condition before the jury; his attorney's

4

choice not to expend funds to corroborate Conti's testimony about this collateral matter was not unreasonable.

His counsel's decision also did not prejudice the outcome of Conti's trial. "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Harrington*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 694). This was a collateral matter, so all that was at stake was witness credibility. The assaults took place several years before trial, so the jury would likely give minimal weight to the victims' inability to remember distinguishing marks on Conti's body. Additionally, Conti's attorney did attack the credibility of the witnesses by presenting expert testimony to show that one victim's diary entries had been fabricated. "A jury's credibility determinations are . . . entitled to near-total deference." *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). Defense counsel's choice not to launch an additional attack on the witnesses' credibility by impeaching their testimony as to the collateral matter of Conti's skin condition did not affect the outcome of his trial. The California Supreme Court did not misinterpret *Strickland* and therefore its determination that an evidentiary hearing was unnecessary was not "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2).

5

And, of course, § 2254(e)(1) cannot provide relief. If evidence of his skin condition could not have affected his habeas claim in state court, presenting this same evidence in federal court after an evidentiary hearing certainly would not provide a "clear and convincing" reason to overturn the state court's factfinding process. 28 U.S.C. § 2254(e)(1).

In his habeas petition in the district court, Conti also argued that his victims' inconsistencies at trial made them incredible, and because their testimony constituted the majority of the evidence against him, there was insufficient evidence to support his conviction. On appeal, however, Conti argues for the first time that the state court erred in holding that the evidence was sufficient to support his conviction under Count 24 because the prosecution failed to prove every element of the offense; he claims that the evidence put forth did not show that Conti used force, as required by the statute. *See* Cal. Penal Code §§ 269(a)(5), 289(a). We will not address arguments that were not raised in the district court. *See, e.g.*, *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010).

**AFFIRMED.**