**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTIS MOORE, | No. 11-15695 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00240-RCJ-RAM |
| v. | |
| NEVADA ATTORNEY GENERAL and RENEE BAKER, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted October 7, 2013
San Francisco, California

Before: N.R. SMITH and NGUYEN, Circuit Judges, and QUIST, Senior District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The Honorable Gordon J. Quist, Senior District Judge for the U.S.
District Court for the Western District of Michigan, sitting by designation.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 to review the denial of Artis Moore's 28 U.S.C. § 2254 habeas petition. We review the district court's denial of a habeas petition de novo. *White v. Martel*, 601 F.3d 882, 883 (9th Cir. 2010) (per curiam). We affirm the district court's denial of Moore's habeas petition. We reverse the district court's decision that all of Moore's claims were exhausted and dismiss the unexhausted claim.

In order to obtain relief, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires Moore to show that the Nevada Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

1. Under the "doubly deferential" standard of *Strickland* and AEDPA, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1413 (2009)) (internal quotation marks omitted), we cannot say that it was unreasonable for the Nevada Supreme Court to determine that counsel's decisions not to investigate Moore's intellectual capacity and not to call Moore's family member as a witness fell within the "wide latitude counsel must have in making tactical decisions." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moore's counsel was under no obligation to investigate Moore's intellectual capacity, because there was nothing to put him on notice that Moore

-2-

was mentally impaired. *See Doe v. Woodford*, 508 F.3d 563, 569 (9th Cir. 2007). At the penalty phase of the trial, Moore's counsel called Moore's father as a witness and tried to call his grandmother. However, Moore's grandmother could not be found. Moore's counsel deliberately decided not to call Moore's aunt as a witness, because he thought she was too abrasive for the jury.

2. Moore's counsel informed the court that he may have inadvertently assisted Moore in jury tampering, because he provided Moore a list of the jurors. Counsel's actions were "necessary to avoid assisting a criminal or fraudulent act by the client." Model Rules of Prof'l Conduct R. 3.3(a)(2) (1998). Because Moore's counsel was acting within his ethical duties when he disclosed the information to the court, the Nevada Supreme Court's decision that he was not ineffective for disclosing the confidential information was not an unreasonable application of clearly established federal law. *See Nix v. Whiteside*, 475 U.S. 157, 168-69 (1986).

3. Moore can only obtain relief based on a conflict of interest regarding the disclosure of confidential information if he can show (1) "that counsel 'actively represented conflicting interests'" and (2) "that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980)). However, because Moore was not charged with jury tampering, there was only a *potential* conflict of interest.

-3-

Thus, the Nevada Supreme Court's decision was not contrary to clearly established federal law, because Moore cannot show that his counsel actively represented an *actual* conflict of interest. *See Cuyler*, 446 U.S. at 350.

In addition, counsel's motion to withdraw did not impose on the Nevada Supreme Court an obligation to inquire further about the conflict of interest under *Holloway v. Arkansas*, 435 U.S. 475, 484-85 (1978). The motion did not put the Nevada Supreme Court on notice that a conflict of interest existed and, in any event, the potential conflict of interest was different in kind from the multiple-representation conflict of interest addressed in *Holloway*. *See Mickens v. Taylor*, 535 U.S. 162, 168 (2002).

4. To investigate whether the jury had been tainted by jury tampering, the court conducted a voir dire of the jurors but excluded Moore. The court asked all of the questions; neither the government nor Moore's counsel questioned the jurors. Immediately following the questioning of the jurors, and before arguments regarding the effect of the alleged jury tampering took place, Moore rejoined the proceedings. The Nevada Supreme Court's determination that Moore did not have a right to be present was not contrary to clearly established federal law, because Moore's presence would have been useless, "or the benefit but a shadow." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (quoting *Snyder v. Massachusetts*,

291 U.S. 97, 106–07 (1934)) (internal quotation mark omitted). If Moore had arguments or information to share with the court, he could have done so after rejoining the proceedings.

5. In light of the overwhelming evidence of Moore's guilt, it was not an unreasonable application of *Strickland* for the Nevada Supreme Court to find he was not prejudiced by his counsel's failure to object to victim impact testimony. Moore admitted to two witnesses that he was the getaway driver. The gun store sold Moore the exact rifle used in the robbery just five days before it occurred. Moore's friend saw him carrying the rifle to his car just hours before the robbery. A DNA specialist found blood on money recovered from Moore's car.

6. We reverse the district court's decision that Moore exhausted his claim that the jury instruction violated his federal right to due process, and we dismiss the claim. Moore failed to exhaust this claim, because he failed to alert the state court "to the *federal* nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added). Instead, Moore strictly limited his jury-instruction claim to questions of state law before the Nevada Supreme Court.

Moore's claim is now barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Further, Moore would not be entitled to stay and abeyance to exhaust his claim, because he failed to show "good cause for his

-5-

failure to exhaust." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Good cause for failure to exhaust does not require "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), but Moore has failed to point to *any* evidence that would support such a showing.

7. Given these determinations, Moore is not entitled to relief based on cumulative error. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).[1]

The judgment of the district court is **AFFIRMED** in part and **REVERSED** in part. Each party shall bear their own costs.

---

[1]The district court also denied relief on Moore's claim that counsel was ineffective for failing to raise a *Batson* issue on direct appeal. We decline to expand the COA in order to consider this claim. *See* 9th Cir. R. 22–1(e).