**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-56526 |
| Plaintiff - Appellee, | D.C. Nos. 2:12-cv-04501-DSF<br>2:06-cr-00259-DSF-1 |
| v. | |
| JOHN MCTIERNAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted January 16, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

John McTiernan appeals the district court's denial of relief under 28 U.S.C.

§ 2255. McTiernan argues that his conviction for perjury under 18 U.S.C. §

1623(c) was legally deficient under *United States v. Jaramillo*, 69 F.3d 388,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

390–92 (9th Cir. 1995).  Alternatively, McTiernan maintains his prior counsel was ineffective for failing to raise *Jaramillo*.  Reviewing the district court's denial of relief de novo, *White v. Martel*, 601 F.3d 882, 883 (9th Cir. 2010) (per curiam), we affirm.

McTiernan presents his arguments based on *Jaramillo* as though in direct proceedings.  But his challenge is collateral, and under his plea agreement, McTiernan waived "any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel . . . ."  McTiernan's waiver was unambiguously stated and knowingly and voluntarily made, and so is valid and enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).  Even without the waiver, all of McTiernan's claims, except for ineffective assistance of counsel, *see Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), are procedurally defaulted because he failed to demonstrate the necessary "cause and actual prejudice," *Bousley v. United States*, 523 U.S. 614, 622 (1998), or "actual innocence" of both the offenses of conviction and the charges that the government forewent in plea negotiations, *id.* at 624, to excuse default.

To prevail on his ineffective assistance of counsel theory, McTiernan must show that "(1) counsel's representation fell below the range of competence

2

demanded of attorneys in criminal cases, and (2) 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Washington*, 422 F.3d at 873 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)).

McTiernan has made no attempt to show why *Jaramillo* was never raised by counsel. Although he complains the district court speculated that strategic considerations, rather than ignorance or inadvertence, might explain the omission, ultimately it was McTiernan's obligation to rebut the presumption of counsel's competence. *Duncan v. Ornoski*, 528 F.3d 1222, 1234 (9th Cir. 2008). This he did not do. There is no evidentiary support for the allegation that counsel's performance was deficient.

**AFFIRMED.**