**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN EDWARD SZABO, | No. 11-17586 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-02608-GMS |
| v. | |
| CHARLES L. RYAN and ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 7, 2014
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Petitioner John Szabo filed his federal habeas corpus petition well outside

the one-year statute of limitations established by 28 U.S.C. § 2244. He contends

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that we should nonetheless deem his petition timely because he is entitled to equitable tolling of the limitations period.

Even if Szabo is entitled to equitable tolling for the period through October 28, 2008, we conclude he is not entitled to equitable tolling beyond that date. On that date, the state trial court appointed new postconviction counsel for Szabo. The court also ruled that Szabo had been dilatory in pursuing his first state postconviction petition, and noted there had been a "failure to timely file a petition for review." That ruling put Szabo on notice that any further attempts to pursue the claims asserted in his first state postconviction petition—either in the state trial court or the state court of appeals—might be deemed untimely, therefore depriving him of statutory tolling. *See* 28 U.S.C. § 2244(d)(2).

Szabo thereafter diligently pursued a successive state postconviction petition in an attempt to exhaust his state court remedies. But Szabo did not act with reasonable diligence in pursuing federal habeas corpus relief. Szabo could have filed a "protective" federal habeas corpus petition and asked the federal court to stay proceedings while he exhausted his federal claims in state court. The Supreme Court has specifically noted that this procedure is available to a state prisoner faced with uncertainty about whether his state postconviction petition is "properly filed" for purposes of statutory tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416

(2005). And, in circumstances similar to those faced by Szabo here, we have held that a state prisoner's failure to file a protective federal petition "does not demonstrate the diligence required for application of equitable tolling." *White v. Martel*, 601 F.3d 882, 884–85 (9th Cir. 2010) (per curiam).

Szabo waited more than two years after the state court's October 28, 2008, ruling before he filed his federal habeas corpus petition. That is far longer than the eleven-month delay we held showed a lack of diligence on the part of the petitioner in *White*. *See id*. Szabo's lengthy delay in filing his federal petition may have been due to the erroneous advice of his state postconviction counsel. But attorney error of that nature does not excuse Szabo's lack of diligence in failing to file earlier. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007).

**AFFIRMED.**