In re KEYSTONE FOODS, INC., Debtor.

GLENSHAW GLASS COMPANY, as Assignee of Keystone Foods, Inc., Plaintiff,

v.

ONTARIO GRAPE GROWERS MARKETING BOARD AND AGRICULTURAL PRODUCTS BOARD OF AGRICULTURE CANADA, Defendant.

Bankruptcy No. 89–00318E.
Adv. No. 90–0108.

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 31, 1991.

William E. Kelleher and Bonnie L. Mettica, Pittsburgh, Pa., for plaintiff.

Geff Blake, Philadelphia, Pa., for defendant.

OPINION

WARREN W. BENTZ, Bankruptcy Judge.

We have before us a motion in which Defendant seeks to have us impose sanctions upon the Glenshaw Glass Company on account of the failure of Mr. James Foltz ("Foltz") to be available for depositions on September 24, 1991. Foltz was in fact present at 10:00 a.m., but announced that he would leave at 11:00 a.m. Defense counsel had travelled from Philadelphia and stayed overnight in Erie to attend the deposition. Plaintiff's counsel had travelled from Pittsburgh to Erie for the deposition. Defendant asks for sanctions in the amount of $2,046 for fees and expenses wasted in travel to Erie and for fees in bringing this sanction procedure.

It appears from Plaintiff-counsel's response that the reason for Foltz's unavailability may have been that he had obtained part-time employment and was called upon to drive a bus from Erie to Florida commencing in the afternoon of September 24.

This is an unhappy situation, since the Plaintiff's counsel also wasted some six hours of travel time from Pittsburgh to Erie and return in order to attend the Foltz deposition. Plaintiff's counsel obviously expected Foltz to attend.

The initial Plaintiff in the action is Keystone Foods, Inc. However, the claim was assigned to Glenshaw Glass Company with the approval of this Court by Order dated June 5, 1991.

Prior to the assignment, the Defendant had given a NOTICE OF DEPOSITION to Robert W. Parker, Jr., Esq., attorney for Keystone Foods, Inc., fixing February 25, 1991 at 3:00 p.m. in the offices of Plaintiff's counsel in Erie as the time and place for Foltz to appear and be deposed. By agreement of counsel, that deposition was postponed several times. In the meantime, the assignment was made from Keystone Foods, Inc. to Glenshaw Glass Company and the Plaintiff's counsel's responsibilities were assumed by the Pittsburgh law firm of Eckert, Seamans, Cherin & Mellott ("Eckert Seamans"). The 10:00 a.m., September 24, 1991 date was upon agreement of Eckert Seamans.

Plaintiff's counsel, Eckert Seamans, asserts that Defense counsel's notice to Attorney Parker of the Foltz deposition lapsed and became ineffective once it was continued by agreement of counsel and that a new notice should have been issued for the agreed upon date of September 24, 1991; that Eckert Seamans represents the new Plaintiff, Glenshaw Glass Company, and not the old Plaintiff, Keystone Foods, Inc., and that, therefore, it was incumbent upon the Defense counsel to give a new formal notice to Eckert Seamans of the September 24, 1991 date; that Eckert Seamans has no control over the officers of Keystone Foods, Inc., including Foltz; and that Eckert Seamans had no control over Foltz because he had resigned as an officer and that it was incumbent upon Defendant to serve a subpoena upon Foltz to assure his attendance.

Eckert Seamans also argues that as early as July 1991, Defense counsel had been alerted that Plaintiff's counsel had no control over Foltz because he had resigned as an officer and further, that Eckert Seamans would have no control over Foltz, even if he had not resigned because Eckert Seamans was not counsel for Keystone Foods, Inc.

Plaintiff's counsel, Mettica (of Eckert Seamans), was handling the setup of the deposition for Eckert Seamans. The Mettica Affidavit indicates (1) that she attempted to coordinate the Foltz deposition only as an accommodation to Defense counsel, and (2) that she was contacted by Foltz about September 16, 1991 when Foltz requested that his deposition be moved from September 23, 1991 to September 24, 1991 and they selected 10:00 a.m. as a time convenient to him. This is contradicted by the transcript of Foltz's testimony wherein he indicates that he did not know of the deposition fixed for September 24, 1991 until the day before. We do not resolve this conflict in testimony, since in our view, the crux of the matter is the fixing of the responsibility for assuring the attendance of Foltz at the deposition.

Paragraph 4 of the Mettica Affidavit states as follows:

I had numerous telephone conversations with counsel for Defendants, Geff Blake, Esquire, regarding Defendants' desire to depose James Foltz, the former general manager/treasurer of Keystone Foods, Inc. As early as July, 1991, I advised Mr. Blake that neither I nor Glenshaw Glass Company could compel the attendance of Mr. Foltz at a deposition because (i) he was not our client; (ii) he claimed he had resigned as an officer of Keystone Foods, Inc.; and (iii) Eckert Seamans Cherin & Mellott did not represent Keystone Foods, Inc.

That assertion, however, is inconsistent with the July 15, 1991 letter from Defense counsel to Attorney Mettica, the last two paragraphs of which are as follows:

The correspondence which I have in my files indicates that Mr. Foltz is the General Manager of Keystone Foods. Please immediately advise me whether Mr. Foltz remains an officer, director or employee of Keystone Foods and whether you are now claiming that he is outside of your control. As you are aware, I need this information to determine the necessity for the issuance of a subpoena to Mr. Foltz.

I look forward to hearing from you shortly.

Attorney Mettica did not respond.

On August 29, 1991, Defense counsel wrote to Attorney Mettica asking for three available dates in late September for the Foltz deposition, concluding:

If you continue to refuse to produce Mr. Foltz I shall file a motion for contempt and sanctions against your client.

Attorney Mettica's response of September 3, 1991 states:

Contrary to your letter, I have never refused to produce Mr. Foltz, and have merely raised the issue as to whether or not Glenshaw could compel an individual who claims he has resigned as an officer of Keystone to appear for a deposition. Since we have always been agreeable to a deposition of Mr. Foltz, your threat of a motion for contempt and sanctions is unwarranted. I will contact you with potential dates for depositions after I talk to Jim Foltz and will advise you at that time whether he will agree to appear. As you know, I have been on vacation and was not available to discuss the same with him during the latter part of August.

Thus, Defense counsel did everything he could to assure the presence of Foltz even to the point of indicating that if Foltz was not under the control of Eckert Seamans, then he would issue a subpoena to compel Foltz's attendance. It was unnecessary for Defense counsel to issue a subpoena in view of his direct request. He should have assumed, and did, that the witness was under Plaintiff-counsel's control.

The letter of July 15, 1991 also puts to rest the assertion of Attorney Mettica's affidavit that the work of coordinating Foltz's deposition was a voluntary accommodation for the benefit of Defense counsel.

Eckert Seamans represents Plaintiff. Foltz is a Plaintiff's witness. Eckert Seamans may have had practical reasons for not wanting its own witness to be served with a subpoena. Hence, service of an unnecessary subpoena by Defense counsel against the wishes of Plaintiff's counsel would have been unseemly and inordinately bellicose.

Eckert Seamans could have avoided the responsibility simply by responding to the July 15th letter and telling Defendant to serve a subpoena on Foltz, or advising simply that Foltz is not under Eckert Seaman's control. Instead, Eckert Seamans undertook the responsibility of producing Foltz and must bear the responsibility for his failure to appear.

An order for sanctions will be imposed pursuant to Bankruptcy Rule 7037 and Fed.R.Civ.Proc. 37(d).

## ORDER

This 31 day of December, 1991, upon consideration of DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND ITS COUNSEL, it is ORDERED as follows:

1. Sanctions shall be imposed upon Plaintiff, Glenshaw Glass Company, for failure to produce and have available James Foltz for depositions on September 24, 1991 at 10:00 a.m.

2. The amount of the expenses incurred having been uncontested, sanction is fixed at $2,046 and judgment is entered for that amount to be paid by Plaintiff to Defendant.