**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARLYN SALI, on behalf of
themselves, all others situated and
the general public; DEBORAH
SPRIGGS, on behalf of themselves, all
others situated and the general
public; BISNAR CHASE, LLP,
*Plaintiffs-Appellants*,

v.

CORONA REGIONAL MEDICAL
CENTER; UHS OF DELAWARE INC.,
*Defendants-Appellees.*

No. 15-56389

D.C. No.
5:14-cv-00985-
PSG-JPR

OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 6, 2017
Pasadena, California

Filed March 19, 2018

Before: Andrew J. Kleinfeld, Sandra S. Ikuta,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

# SUMMARY[*]

### Discovery

The panel affirmed the district court's contempt judgment arising after plaintiffs' counsel failed to pay sanctions when they did not produce their expert at a deposition as ordered.

The panel held that under Fed. R. Civ. P. 37's general discovery enforcement provisions, a court can order a party to produce its nonparty expert witness at a deposition, and if the party makes no effort to ensure that its witness attends the deposition, sanction the party's counsel when the witness fails to appear unless the failure to produce the expert "was substantially justified or other circumstances make an award of expenses unjust." Fed. Civ. P. 37(b)(2)(C). The panel held that the Rule 37 sanctions were reasonable in this case.

### COUNSEL

Jerusalem F. Beligan (argued) and Brian D. Chase, Bisnar Chase LLP Newport Beach, California, for Plaintiffs-Appellants.

Christina H. Hayes (argued), Khatereh Sage Fahimi, and Stacey E. James, Littler Mendelson P.C., San Diego, California, for Defendants-Appellees.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

NGUYEN, Circuit Judge:

The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery. If the order is disobeyed, the court can impose contempt and other sanctions. Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas, also provides for contempt sanctions when a subpoena is disobeyed.

The question here is whether Rule 45 is the exclusive mechanism for compelling a nonparty to appear at a deposition and obtaining sanctions for noncompliance. We hold that under Rule 37's general discovery enforcement provisions, a court can order a party to produce its nonparty expert witness at a deposition and, if the party makes no effort to ensure that its witness attends the deposition, sanction the party's counsel when the witness fails to appear unless the failure to produce the expert "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Because the Rule 37 sanctions were reasonable in this case, we affirm the district court's judgment.

## I.

Marlyn Sali and Deborah Spriggs are registered nurses who instituted a class action against their former employer, Corona Regional Medical Center, and its corporate parent, UHS of Delaware Inc., for alleged violations of wage and hour laws. Plaintiffs moved for class certification with supporting declarations from their expert economist, Mark

Falkenhagen, and expert statistician, Dr. Richard Drogin. As defendants were preparing their opposition, the parties became embroiled in a discovery dispute.

Defendants sought to depose Falkenhagen and Drogin in advance of the April 16, 2015 deadline for filing the opposition to class certification. After an unproductive email exchange, in which the parties' counsel dickered over fees, defendants subpoenaed Falkenhagen to be deposed on March 30, 2015. Plaintiffs interposed various objections, which defendants dismissed as "insufficient to prevent a *subpoenaed* deposition from moving forward." On the scheduled day of the deposition, neither Falkenhagen nor plaintiffs' counsel showed up.

The next day, on April 1, defendants informed plaintiffs that they would be applying ex parte for sanctions and to compel Falkenhagen's deposition. Counsel then met and conferred regarding the expert depositions as required under the local rules. *See* C.D. Cal. L.R. 37-1. Defendants agreed to pay Falkenhagen's fee prior to his deposition. They sought to depose him on April 9, but plaintiffs' counsel was taking a vacation that week and told defendants' counsel that Falkenhagen would be unavailable then. Plaintiffs offered to produce Falkenhagen for deposition on April 13,[1] but defendants didn't accept because they felt "it was imperative the depositions occur prior to April 10."

---

[1] According to defendants' counsel, plaintiffs' counsel "affirmatively stated that [he would be] available for Mr. Falkenhagen's deposition on [April 13]." Plaintiffs' counsel asserted that he told them "maybe, maybe" he could produce Falkenhagen then, but he needed to know before he left on vacation in order to set it up. The magistrate judge found that, regardless of context, plaintiffs never disputed that they represented Falkenhagen was available on April 13.

Defendants then applied ex parte to compel Falkenhagen's and Drogin's depositions on April 9 and 10, respectively.  In an order dated April 7, 2015, the magistrate judge denied the request, finding that defendants were "not without fault in creating the circumstances" because they inexcusably waited to arrange the depositions.  The magistrate judge acknowledged that plaintiffs' counsel "exacerbated this situation by apparently failing to respond to inquiries from Defendants, having extremely limited availability, and failing to seek a protective order concerning the noticed depositions."  However, given plaintiffs' offer to make Falkenhagen available for deposition immediately after their attorney's vacation, the magistrate judge found that defendants would have sufficient time to incorporate his testimony into their opposition to class certification.  The order concluded: "Plaintiffs are, however, instructed to produce Falkenhagen for deposition on April 13." Defendants subpoenaed him for that date.

Once again, Falkenhagen and plaintiffs' counsel failed to appear at the deposition.[2]  Defendants moved for sanctions under Rule 37.  The magistrate judge found that plaintiffs weren't substantially justified in disobeying the order to produce Falkenhagen for deposition and sanctioned counsel $15,112 for defendants' costs associated with the deposition and motion for sanctions.  When counsel didn't

---

[2] In its order denying class certification, the district court cited this incident as an example of plaintiffs' counsel's "lax approach" to prosecuting the action.  The court found that plaintiffs' counsel wasn't adequate to represent the proposed class.

pay, the district court entered a contempt judgment, from which plaintiffs and their counsel appeal.[3]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo whether the magistrate judge had the power under Rule 37 to order the plaintiffs' counsel to produce their expert at a deposition and sanction them for noncompliance. *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir. 1992) (per curiam) (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 379 (9th Cir. 1988)).  The sanctions order is reviewed for abuse of discretion, and the underlying factual findings for clear error. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052

---

[3] Defendants contend that we lack jurisdiction to review the underlying order compelling plaintiffs to produce Falkenhagen because plaintiffs didn't timely appeal it.  But an order to produce discovery isn't immediately appealable.  *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009).  The subsequent sanctions order and contempt judgment were likewise interlocutory and non-appealable until entry of final judgment. *See Cunningham v. Hamilton County*, 527 U.S. 198, 210 (1999).  Although "certain exceptions are recognized in cases involving orders and sanctions against non-parties," *David v. Hooker, Ltd.*, 560 F.2d 412, 415 (9th Cir. 1977), the discovery order and sanctions here were directed at plaintiffs and their counsel—not Falkenhagen. Subsequently, pursuant to the parties' stipulation, the district court entered a final order dismissing all claims and counterclaims.  Plaintiffs and their counsel then timely appealed the sanctions order and contempt judgment.  Therefore, we have jurisdiction to consider those orders as well as the underlying discovery order. *See, e.g.*, *In re Rains*, 428 F.3d 893, 901 (9th Cir. 2005) ("[O]nce a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable." (quoting *In re Eastport Assocs.*, 935 F.2d 1071, 1075 (9th Cir. 1991))).

(9th Cir. 1998) (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

## III.

Plaintiffs and their counsel contend that the district court lacked authority to compel Falkenhagen's deposition under Rule 37(a) and impose sanctions under Rule 37(b). They also contend that their actions were substantially justified and the sanctions unjust.

## A.

When interpreting the scope of a Federal Rule of Civil Procedure, we begin with the text. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010). Rule 30 authorizes a party to take the deposition of "any person," generally without the court's permission. Fed. R. Civ. P. 30(a)(1). "The deponent's attendance may be compelled by subpoena under Rule 45." *Id.* If the deponent disobeys the subpoena, the district court can hold the deponent in contempt. Fed. R. Civ. P. 45(g). While a subpoena's judicial imprimatur and the threat of sanctions for noncompliance is one way to ensure that a deponent shows up for a deposition, it isn't the only way.

The magistrate judge issued sanctions under Rule 37(b), which empowers the court to take remedial action if a party "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a)." Fed. R. Civ. P. 37(b)(2)(A). Rule 37(a) provides generally that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). In particular, Rule 37(a) permits a party to seek to compel "an answer, designation, production, or inspection" under certain circumstances, Fed. R. Civ. P. 37(a)(3)(B), including when "a deponent fails to answer a

question asked under Rule 30 or 31," Fed. R. Civ. P. 37(a)(3)(B)(i).  Plaintiffs were ordered to produce their expert, Falkenhagen, for deposition, where he would be required to respond to questions and disclose his expert views, *see* Fed. R. Civ. P. 30.  As we have recognized, Rule 37(a) encompasses an order to attend a deposition.  *See SEC v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir. 1982) ("Since the [Rule 37(a)] order required [the cross-defendant] not only to pay money, but also to give his deposition, it was clearly also 'an order to provide or permit discovery.'" (quoting Fed. R. Civ. P. 37(b)(2))).

In the context of Rule 37(b) sanctions, we "read broadly" the term "order" under Rule 37(a).  *Unigard*, 982 F.2d at 368 (citing *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974)). Both the advisory committee notes and case law suggest that Rule 37's "requirement for an 'order' should . . . include any order relating to discovery."  *Halaco Eng'g*, 843 F.2d at 379; *see* Fed. R. Civ. P. 37(b) advisory committee's note to 1970 amendment ("The scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit discovery' . . . . Various rules authorize orders for discovery . . . . Rule 37(b)(2) should provide comprehensively for enforcement of all these orders.").

Rule 37 explicitly authorizes the court to sanction parties for failing to attend their own depositions.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i).  No subpoena is needed.  The only requirement is that the party be "served with proper notice" of the deposition beforehand.  *Id.*; *see* 7 James Wm. Moore et al., *Moore's Federal Practice* § 30.21 (3d ed. 2017); *see also Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1158 (9th Cir. 2010) (observing that "a simple notice of deposition is sufficient to compel [a party's] attendance").

Although a nonparty's attendance generally can be compelled only by subpoena,[4] *Jules Jordan Video*, 617 F.3d at 1158, here the court's discovery order and sanctions were directed not at the retained expert but rather at the parties themselves and their counsel. Rule 37 is largely silent as to whether the court can compel a party to produce its general employees or persons over whom the party might reasonably be expected to exert influence or control. However, the rule isn't entirely silent. Rule 37(b)(2)(B) provides for sanctions "[i]f a party fails to comply with an order under Rule 35(a) requiring it to produce another person for [physical or mental] examination." Rule 35(a), in turn, authorizes the court "to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a)(1). This means, for example, that "that a parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination." *Id.* advisory committee's note to 1970 amendment.

---

[4] There are exceptions to this rule. If the party is a corporation or other organization, its officers, directors, managing agents, and persons the organization designates to testify about the deposition's subject matter can be sanctioned for disobeying a court order to appear. *See* Fed. R. Civ. P. 30(b)(6), 37(b)(2)(A). Some courts have expanded this principle to include witnesses who are effectively under the party's control, such as family members, *see Robbins v. Abrams*, 79 F.R.D. 600, 602 (S.D.N.Y. 1978), and officers of wholly owned subsidiaries, *see Martin Eng'g Co. v. Vibrators, Inc.*, 20 Fed. R. Serv. 2d (Callaghan) 486 (E.D. Ark. 1975). *See* Moore et al., *supra* § 30.21. Because it isn't necessary for us to decide, we assume that a typical expert witness like Falkenhagen has too attenuated a relationship with the party engaging his services to be personally subject to court sanctions absent a subpoena. *But cf. In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008) (holding that testimony of opposing party's expert was properly introduced as admission of party opponent).

As to whether courts can order parties to produce nonparties generally, our interpretation of Rule 37(a)(5) is relevant.  Rule 37(a)(5) requires, upon a party's successful motion to compel discovery, that the court order "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  "It applies," we have explained, "to . . . motions to compel nonparties to attend depositions." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.4 (9th Cir. 1983).[5]

Thus, *Pennwalt* strongly suggests that the district court's discovery order and sanctioning of plaintiffs for disobeying that order was within the scope of its Rule 37 powers.  Other circuits have approved of similar orders and sanctions.  *See Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (concluding district court properly sanctioned plaintiffs for violating discovery-related scheduling order in part "by failing to produce their experts for scheduled depositions"); *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988) (affirming sanction for discovery abuses under Rule 37(b)(2) where plaintiffs repeatedly failed to make their expert available for deposition); *Nat'l Life Ins. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 600 (3d Cir. 1980) (concluding district court should have granted Rule 37 motion to compel accountant to appear for deposition without asserting privilege indiscriminately).  We see no reason why Rule 37, which broadly empowers the district court to issue orders

---

[5] *Pennwalt* refers to Rule 37(a)(4), which was recodified as subdivision (a)(5) in 2007.  *See Linde v. Arab Bank, PLC*, 706 F.3d 92, 104 n.39 (2d Cir. 2013).  The rule's substance is unchanged.  *Pennwalt*'s statement in this regard was dictum because that case involved a nonparty's failure to comply with a subpoena duces tecum.

enforcing a party's discovery obligations, wouldn't allow the court to compel a party to produce its expert for deposition.

Citing *Pennwalt*, plaintiffs concede that "Rule 37 used to authorize courts to compel nonparties to attend depositions," but claim without explanation that "that authority has since been eliminated." The rule's language, however, is the same as it was when *Pennwalt* was decided. We therefore disagree with plaintiffs that its meaning has changed.

Plaintiffs argue that the order compelling them to produce Falkenhagen "defies common sense" because their counsel doesn't represent him and they have no legal relationship with him that would enable them to compel him to attend a deposition against his will. It's true that without a subpoena neither plaintiffs nor the court could have compelled Falkenhagen to appear at the deposition. *See Jules Jordan Video*, 617 F.3d at 1158. But plaintiffs misunderstand the nature of the order.

While an order to produce a deponent under Rule 37 and a subpoena under Rule 45 are intended to bring about the same outcome, the order's focus and the consequences of noncompliance are different. A Rule 37 order is directed at the party. It compels the party to use its best efforts to secure the nonparty's attendance at the deposition. But it doesn't demand the impossible. The party can avoid sanctions by showing that it attempted in good faith to comply with the order but was unable to produce the nonparty—regardless of whether the nonparty's absence was justified. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 n.8 (9th Cir. 1983) ("[T]he use of Rule 37 sanctions must be tempered by due process. . . . [I]t is improper to dismiss a claim or to exclude evidence if the failure to comply with a discovery order is due to circumstances beyond the

disobedient party's control."); *see also Société Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958) ("Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.").

Thus, a party won't incur Rule 37 sanctions if, despite its efforts, a recalcitrant nonparty witness refuses to attend an ordered deposition. Even if the party could have produced the nonparty but fails to do so, the party can still avoid incurring "reasonable expenses . . . caused by the failure" if it "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

A subpoena under Rule 45, in contrast, is directed at the nonparty. It obligates the nonparty to appear at the scheduled deposition at pain of being held in contempt. None of the other sanctions available under Rule 37 are available against the nonparty.[6] And the standard for a

---

**[6]** These include:

    (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    (iii) striking pleadings in whole or in part;

contempt finding differs from a Rule 37 sanction. The court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Although "[i]nability to comply with an order is ordinarily a complete defense to a charge of contempt," *United States v. Asay*, 614 F.2d 655, 660 (9th Cir. 1980), as it is with a motion for Rule 37 sanctions, the focus is on the deponent's rather than the party's ability to comply.

As a practical matter, a party seeking to compel a nonparty's deposition would be wise to use the subpoena process. Still, there may be good reason to seek an order compelling the opposing party to produce its witness. For example, if the party seeking the deposition suspects that the opposing party is the bottleneck—either directing or encouraging its witness not to appear—an order directed at the opposing party may be fruitful. Or the opposing party "may have . . . practical reasons for not wanting its own witness to be served with a subpoena," and "service of an unnecessary subpoena . . . against the wishes of [the opposing party's] counsel would [be] unseemly and inordinately bellicose." *In re Keystone Foods, Inc.*, 134 B.R. 828, 830 (Bankr. W.D. Pa. 1991).

---

   (iv) staying further proceedings until the order is obeyed;

   (v) dismissing the action or proceeding in whole or in part; [and]

   (vi) rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A).

**B.**

The magistrate judge ordered Sali "to produce Falkenhagen for deposition on April 13, 2015," an order under Rule 37(a) to cooperate in discovery. There's no evidence that plaintiffs made any effort to secure Falkenhagen's attendance at the deposition, after counsel affirmatively represented to the court and opposing counsel that Falkenhagen would be available for deposition on April 13. To the contrary, plaintiffs' counsel went on vacation for a week knowing there was a pending ex parte application to compel the deposition but making no provision for responding to the court's ruling. Counsel didn't even read the order until after the time for the deposition had passed.

There was no justification for plaintiffs' failure to attempt to comply with the court's order. Accordingly, the court had authority under Rule 37(b)(2)(A) to "issue further just orders" in the nature of sanctions, including ordering the payment of expenses "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, the award of defendants' deposition-related costs wasn't unjust. Rather, it was the mildest of the possible Rule 37 sanctions.

\*   \*   \*

For the foregoing reasons, the district court's contempt judgment is **AFFIRMED.**