**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CELY TABLIZO, | No. 18-16913 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-cv-00763-APG-VCF |
| v. | |
| CITY OF LAS VEGAS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 26, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Appellant, Cely Tablizo, brought a Family and Medical Leave Act (FMLA)

claim against the City of Las Vegas (the City). The district court granted summary

judgment against Ms. Tablizo because she failed to comply with Rule

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure (FRCP), which requires a computation of damages based on evidence. Following an appeal of that order, we remanded with the instruction that the district court determine whether Ms. Tablizo violated the FRCP willfully or in bad faith. On remand, the district court again granted summary judgment to the City. We affirm.

Although we review the district court's grant of summary judgment de novo, *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017), the sanctions order is reviewed "for abuse of discretion, and the underlying factual findings for clear error," *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018).

Following our remand, the district court concluded that Ms. Tablizo did not act in bad faith. But it did find that she willfully violated Rule 26(a)(1)(A)(iii), as she never attempted to justify her failure to disclose evidence supporting her damages calculations. Rather than seeking to rectify her omission, Ms. Tablizo simply argued, without support, that her disclosures were sufficient. We are persuaded that the district court followed our instructions.

Ms. Tablizo now contends that the district court violated *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987). Assuming that *Malone* applies, we find that it is satisfied. *See United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 (9th Cir. 1988) ("The district court need not make

explicit findings regarding these factors; however, if it does not (as in this case), we review the record independently to determine whether the sanction was an abuse of discretion."). Notably, the district court considered the harm to judicial economy in its prior refusals to bifurcate trials. It also rejected the suggestion to reopen discovery because "doing so after such a long period would punish the City and reward Tablizo's failure to timely disclose." Finally, the district court considered less drastic sanctions but found them lacking.

Regarding the possibility of seeking equitable relief, Ms. Tablizo never prayed for equitable relief in her complaint. The district court concluded that letting her pursue such relief on the eve of trial would be unfair to the City. No abuse of discretion occurred by precluding Ms. Tablizo from seeking equitable relief. Further, "[i]t is well-settled that the FMLA, by its terms, only provides for compensatory damages and not punitive damages," as well as limited forms of equitable relief. *Farrell v. Tri-Cty. Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008) (internal quotation marks); *see* 29 U.S.C. § 2617(a)(1). On this record, Ms. Tablizo has failed to provide any evidence that she has a remedy under the FMLA. In the absence of such support, the district court's granting of summary judgment was proper.

AFFIRMED.