**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABOLFAZL HOSSEINZADEH,

        Plaintiff,

 and

MARY ANDERSON,

        Appellant,

  v.

BELLEVUE PARK HOMEOWNERS
ASSOCIATION,

        Defendant-Appellee,

 and

ADRIAN TEAGUE, in both his individual
capacity and representative capacity as
director of Bellevue Park Homeowners
Association; JENNIFER GONZALEZ, in
both her individual capacity and
representative capacity as director of
Bellevue Park Homeowners Association,

        Defendants.

No.   21-35074

D.C. No. 2:18-cv-01385-JCC

MEMORANDUM*

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| ABOLFAZL HOSSEINZADEH, | No. 21-35111 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:18-cv-01385-JCC |
| BELLEVUE PARK HOMEOWNERS ASSOCIATION; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 9, 2022
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

1. Appellant Abolfazl Hosseinzadeh ("Hosseinzadeh") appeals the district court's grant of summary judgment in favor of Appellees for claims of defamation, false light, and various racial and religious discrimination claims. Separately, Appellant Mary Anderson ("Anderson"), formerly counsel for Appellant Hosseinzadeh in the district court proceedings, appeals the district court's award of fees and costs against her. For the following reasons, we affirm the district court in full. The parties are familiar with the facts of the case, so we do not recite them here.

2. Hosseinzadeh asserts a defamation claim against Appellee Adrian Teague ("Teague") concerning an email Teague sent to members of the Bellevue Park Homeowner's Association ("BPHOA") relating to Hosseinzadeh's attempt to

2

control a BPHOA-owned Wells Fargo account while Hosseinzadeh believed himself to be BPHOA Board President. Hosseinzadeh asserts a defamation claim against Appellee Jennifer Gonzales[1] ("Gonzales") concerning an email Gonzales sent to a U.S. Bank representative relating to Hosseinzadeh's attempt to control a BPHOA-owned U.S. Bank account while Hosseinzadeh believed himself to be BPHOA Board President. Both claims fail due to the common interest privilege, which is a defense to defamation. *Valdez-Zontek v. Eastmont Sch. Dist.*, 225 P.3d 339, 347 (Wash. App. 2010). The common interest privilege "arises when parties need to speak freely and openly about subjects of common organizational or pecuniary interest." *Moe v. Wise*, 989 P.2d 1148, 1154 (Wash. App. 1999). Appellee Teague, a Bellevue Park homeowner and BPHOA member, made the allegedly defamatory statement that Hosseinzadeh had "attempted to defraud US Bank by requesting that the associations' operational funds be transferred out," via an email sent only to the following individuals: members of the BPHOA; BPHOA's attorney; and BPHOA's property manager. Accordingly, this communication falls within the common interest privilege. Appellee Gonzales, a Bellevue Park homeowner and BPHOA member, made the allegedly defamatory statement that Hosseinzadeh had "spent the last 6 months or so trying to obtain access to the HOA funds, and was successful at

---

[1] Appellee Gonzales's name is misspelled in the caption of this case. We use the spelling she states is correct.

3

this at Wells Fargo," via an email to a representative at U.S. Bank concerning a BPHOA account held at U.S. Bank. U.S. Bank has a pecuniary interest in the BPHOA account held under its control, as evidenced by, *inter alia*, the interpleader action U.S. Bank itself filed in the Superior Court of Washington for King County to determine which parties had authority to control the account. Accordingly, this communication falls within the common interest privilege. As Hosseinzadeh presents no evidence that either Teague or Gonzales abused the common interest privilege, summary judgment on these claims was proper.

3. Hosseinzadeh also asserts false light claims against both of Appellees Teague and Gonzales due to the aforementioned emails. "A false light claim arises when [1] someone publicizes a matter that places another in a false light [2] the false light would be highly offensive to a reasonable person and [3] the actor knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed." *Corey v. Pierce Cty.*, 225 P.3d 367, 373 (Wash. App. 2010) (cleaned up). Hosseinzadeh submitted no facts suggesting that either Appellee "knew of or recklessly disregarded the falsity of the publication" of either statement. Accordingly, summary judgment on these claims was proper.

4. Hosseinzadeh asserts discrimination claims against the BPHOA under the Fair Housing Act ("FHA"), 42 U.S.C. § 1982 Civil Rights Act ("CRA"), and the Washington Law Against Discrimination ("WLAD"), relating to two separate

4

allegations of discrimination based on race, national origin, and religion. Hosseinzadeh is an Iranian immigrant, and he professes to be Muslim. These claims are all analyzed under the three-stage burden-shifting framework set forth in *McDonnell Douglas*. *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997) (FHA claims); *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (CRA claims); *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 470 (Wash. 2017) (WLAD claims). First, Hosseinzadeh alleges that the BPHOA discriminated against him by failing to provide him with personal records he requested in the normal course of being a Bellevue Park homeowner. The BPHOA concedes that it withheld Hosseinzadeh's documents, although it presented a legitimate reason for doing so, which was that it was required to take precautions when interacting with Hosseinzadeh, given the parties ongoing, litigious relationship with one another. Hosseinzadeh failed to submit any facts demonstrating that the BPHOA's reason was mere pretext for discrimination. Second, Hosseinzadeh alleges that the BPHOA discriminated against him by invalidating a March 2016 BPHOA Board of Directors election in which Hosseinzadeh was elected. As before, the BPHOA concedes that it did invalidate the March 2016 election, although it again presented a legitimate reason for doing so, which was that the March 2016 election lacked the necessary quorum under BPHOA bylaws. Hosseinzadeh failed to submit any facts demonstrating that the BPHOA's reason was mere pretext for

discrimination.[2]

5. Hosseinzadeh asserts Washington Consumer Protection Act ("CPA") claims against the BPHOA arising out of two causes. First, Hosseinzadeh asserts that his WLAD causes of action are *per se* violations of the CPA. Wash. Rev. Code § 49.60.030(3). However, as Hosseinzadeh's WLAD claims fail, so to do any CPA claims based on those claims. Second, Hosseinzadeh asserts that the actions of the BPHOA in placing a lien on Hosseinzadeh's unit (then owned by Hosseinzadeh's sister) and ultimately obtaining a foreclosure decree against his sister constitutes a violation of the CPA. However, these actions were approved by the Superior Court of the State of Washington for King County and affirmed by the Washington State Court of Appeals,[3] and Hosseinzadeh points to no evidence or caselaw suggesting that Washington State recognizes such judicially sanctioned actions as violations of the CPA. Accordingly, summary judgment on these claims was proper.

6. Appellant Anderson, formerly counsel for Appellant Hosseinzadeh in the district court proceedings, appeals the district court's award of fees and costs against her for failing to meaningful engage with BPHOA in coming to agreement on Federal Rule of Civil Procedure 30(b)(6) topics. We review under an abuse of

---

[2] Moreover, Hosseinzadeh was allowed to be properly elected to the Board the following month.
[3] *Bellevue Park Homeowners Association v. Hosseinzadeh*, 8 Wash. App. 2d 1001, 2019 WL 1245634 (Mar. 18, 2019).

6

discretion standard. *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018). Anderson met-and-conferred with counsel one time in a meeting that failed to achieve any progress in narrowing Anderson's 60 proposed 30(b)(6) topics. Afterwards, Anderson failed to engage with BPHOA on three separate occasions, multiple times telling it nothing more than to "read my letters." A single meet-and-confer does not automatically discharge a party's discovery obligations under Federal Rule of Civil Procedure 37. Moreover, the district court correctly found that several of Anderson's 30(b)(6) topics were flawed. Additionally, none of the three exceptions to Federal Rule of Civil Procedure 37(a)(5)(A)'s mandatory fee payment rule apply in this case. Altogether, the district court did not commit error in awarding fees against Anderson.

**AFFIRMED.**