NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ARTEM KOSHKALDA, <br><br> Debtor. <br><br>_____ <br><br> ARTEM KOSHKALDA, <br><br> Appellant, <br><br> v. <br><br> SEIKO EPSON CORPORATION; EPSON AMERICA, INC., <br><br> Appellees. | No. 21-15695 <br><br> D.C. No. 4:19-cv-05696-YGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 16, 2022[**]

Before: SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Chapter 7 debtor Artem Koshkalda appeals pro se from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

judgment affirming the bankruptcy court's order finding Koshkalda in contempt and imposing sanctions in the adversary proceeding against him. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court did not clearly err by finding that Koshkalda was in violation of its prior orders, and did not abuse its discretion by imposing sanctions under Federal Rule of Civil Procedure 37. *See* Fed. R. Bankr. P. 7037 (making Fed. R. Civ. P. 37 applicable to adversary proceedings); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018) (setting forth standard of review); *Payne v. Exxon Corp.*, 121 F.3d 503, 307 (9th Cir. 1997) ("The [lower] court's discretion will not be disturbed unless we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors").

We do not consider Koshkalda's contention that the bankruptcy court erred by accepting an unsigned declaration because Koshkalda did not file a notice of

appeal or amended notice of appeal from the bankruptcy court's October 3, 2019

order imposing sanctions.

**AFFIRMED.**