NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENISE VAN OSTEN,

    Plaintiff-Appellant,

v.

HOME DEPOT USA, INC.; DOES, 1-10, inclusive,

    Defendants-Appellees.

No.    22-55228

D.C. No.
3:19-cv-02106-TWR-BGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted October 17, 2023
Pasadena, California

Before:  PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF,[**] District Judge.

Denise Van Osten appeals a jury verdict in favor of Home Depot USA, Inc.

("Home Depot") and the imposition of sanctions against her attorney, Kevin

Mirch. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1. Van Osten argues that the district court erred when it declined to instruct the jury that Home Depot was required to request additional information from her in writing before denying her leave under the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. § 2601. "We review de novo whether a district court's jury instructions accurately state the law, and we review for abuse of discretion a district court's formulation of jury instructions." *Coston v. Nangalama*, 13 F.4th 729, 732 (9th Cir. 2021) (quoting *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017)).

Under the FMLA, the burden was on Van Osten to provide "notice of the need for FMLA leave" and to "explain the reasons for the needed leave . . . ." 29 C.F.R. § 825.301(b). The regulations implementing the FMLA provide that an employer "should inquire further of [an] employee . . . to ascertain whether leave is potentially FMLA-qualifying" if the employer lacks sufficient information to make that determination on its own. *Id.* § 825.301(a). But nothing in the regulations requires that such inquiry be made in writing. *Id.* While Van Osten points to 29 C.F.R. § 825.305(d), that provision only requires that an employer make a request in writing when the employer requires additional evidence to certify an employee's medical condition. But the jury found that Van Osten did not receive leave because she never requested it, not because she lacked a qualifying medical condition. Accordingly, the writing requirement for medical certification requests is not

applicable.[1]

2. Van Osten argues that the district court erred when it instructed the jury in Jury Instruction No. 19 that she could not show a "regimen of continuing treatment" within the meaning of the FMLA just by showing that she was prescribed medication. Under the FMLA, an employee may demonstrate that she has a qualifying medical condition by showing that she has a condition requiring "continuing treatment by a health care provider . . . ." 29 C.F.R. § 825.113(a). Here, however, the jury found that Van Osten had a qualifying medical condition. It nevertheless rendered a verdict for Home Depot with respect to her FMLA claim because she never requested leave. Accordingly, any error in this jury instruction was harmless, as it did not affect the verdict. *See Coston*, 13 F.4th at 732 ("[I]f any error relating to the jury instructions was harmless, we do not reverse." (quoting *Spencer v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017))).

3. Van Osten argues that the district court erred in excluding Amapola Martin from testifying on her behalf as an expert witness. We review a district court's decision to exclude expert testimony for abuse of discretion. *United States v. Telles*, 18 F.4th 290, 301 (9th Cir. 2021). Van Osten sought to call Martin to

---

[1] Van Osten also argues that the evidence shows that she did provide notice. But the jury found otherwise, and "we must defer to the facts as they were reasonably found by the jury." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 459 (9th Cir. 2013).

3

testify that Home Depot did not follow its obligations under the FMLA or the California Family Rights Act (CFRA), Cal. Gov't Code § 12945.2. But because Martin had no relevant expertise, and could therefore offer no expert testimony that would assist the jury in resolving Van Osten's claims, the district court did not abuse its discretion by excluding her testimony. *See United States v. 87.98 Acres of Land More or Less in the Cnty. of Merced*, 530 F.3d 899, 904 (9th Cir. 2008) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993)).

4. Van Osten also appeals the district court's exclusion of her damages expert, John Czechowicz. Van Osten failed to preserve this issue for appeal, however, because the district judge excluded Czechowicz's testimony without prejudice in a ruling *in limine*, and Van Osten never attempted to call Czechowicz at trial. *See Tennis v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001).

5. Van Osten appeals the district court's grant of summary judgment to Home Depot on her claims for age and gender discrimination, and failure to prevent age and gender discrimination, in violation of California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12900–12996. "We review the district court's decision to grant summary judgment *de novo*." *Seaplane Adventures, LLC v. County of Marin*, 71 F.4th 724, 729 (9th Cir. 2023).

California law generally requires an employee to bring a complaint of age

and gender discrimination before the Department of Fair Employment and Housing (DFEH) within one year. *See McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1036 (Cal. 2008). But Van Osten did not file a claim with the DFEH until September 18, 2018—more than a year after May of 2017, when she was briefly terminated and then reinstated at a different store than the one at which she claims she experienced age and gender discrimination.

Van Osten claims that the "continuing violation" exception brings her claims within the statute of limitations. But Van Osten makes no argument that the problems she experienced at the Home Depot store to which she was transferred were the result of discrimination. And regardless, those problems involved "decisions made by different decision-makers in unrelated departments." *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 65 (2000). The continuing violation exception therefore does not apply. *See id.*

Van Osten also argues that the statute of limitations should be equitably tolled because she tried to contact Home Depot many times regarding the problems she faced. But the informal communications she had with Home Depot do not constitute the kind of "established procedural context" for pursuing a grievance that is necessary to support equitable tolling. *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416 (2013). Thus, Van Osten's discrimination claims are barred by the statute of limitations.

6. Van Osten appeals the district court's grant of summary judgment to Home Depot on her retaliation claim. To make out a claim for retaliation under the FEHA, Van Osten must show that her employer subjected her to an adverse employment action because she engaged in a protected activity. *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005). The only acts within the limitations period that Van Osten claims were retaliatory relate to her treatment at the store to which she was transferred in May of 2017. But Van Osten never presented any evidence that these acts were retaliatory. For this reason, Van Osten's retaliation claim also fails.

7. Van Osten appeals the district court's grant of summary judgment on her claims for intentional and negligent infliction of emotional distress. Van Osten began to experience emotional distress by July 25, 2017, more than two years before she filed suit. Accordingly, her claims are barred by the statute of limitations. *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 24 Cal. App. 5th 825, 852–53 (2018); Cal. Civ. Proc. Code § 335.1.

Van Osten argues that certain conduct within the limitations period contributed to her emotional distress, including Home Depot's failure to reinstate her healthcare benefits or provide her FMLA leave, its improper processing of worker's compensation paperwork, and its conduct leading to her resignation. But none of these acts constitute the kind of "extreme and outrageous conduct" that can

give rise to a claim for intentional infliction of emotional distress. *Cf. King v. AC & R Advert.*, 65 F.3d 764, 769–70 (9th Cir. 1995) (internal quotation marks omitted) (finding that age-related comments and adjustments to an employee's employment status and compensation structure did not constitute extreme and outrageous conduct). And California law precludes a claim for negligent infliction of emotional distress based on an employer's supervisory conduct. *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990).

8. Van Osten appeals the district court's grant of summary judgment to Home Depot regarding her claim for punitive damages. For the reasons discussed above, Van Osten has no claim even for compensatory damages. Accordingly, the grant of summary judgment to Home Depot on her claim for punitive damages must be affirmed. *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 730 n.13 (9th Cir. 2022).

9. Van Osten appeals the district court's ruling providing each party with eight hours to present their case at trial. We review the district court's setting of trial time limits for abuse of discretion. *Pierce v. County of Orange*, 526 F.3d 1190, 1199–1200 (9th Cir. 2008). Van Osten does not identify any additional witnesses she would have called or evidence she would have introduced had she been allotted more time, and does not claim that the time limit was imposed unevenly or inflexibly. Accordingly, Van Osten has not shown that the time limit

7

was an abuse of discretion. *See id.* at 1200.

10. Van Osten appeals the district court's imposition of sanctions on her attorney, Kevin Mirch, for his time-consuming and frivolous objections, and rude conduct toward opposing counsel during the deposition of Martin. "The sanctions order is reviewed for abuse of discretion, and the underlying factual findings for clear error." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018).

Mirch argues that he was deprived of due process when the magistrate judge provided several bases for sanctioning him—including Federal Rule of Civil Procedure 30 and the court's inherent power—that Home Depot did not raise in its initial motion for sanctions. But Mirch had the opportunity to object to the magistrate judge's report and recommendation before the district court issued sanctions. That "opportunity to brief the issue fully satisfies due process requirements." *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000).

Mirch also argues that his objections during the deposition were reasonable, and that the district court's imposition of sanctions was based on several misstatements of fact. But even if, as Mirch argues, the magistrate judge marginally misstated the amount of time Mirch took up with lengthy speaking objections, the district court's finding that Mirch spent the course of the deposition making frivolous and irrelevant objections to opposing counsel's questions was not

clearly erroneous. The record also supports the finding that Mirch harassed opposing counsel and accused her of acting with an ulterior motive. The district court therefore did not abuse its discretion in imposing sanctions.

**AFFIRMED.**