**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

INTERNATIONAL PETROLEUM
PRODUCTS AND ADDITIVES
COMPANY, INC., Judgment Creditor,

Plaintiff-Appellee,

v.

BLACK GOLD S.A.R.L., Judgment Debtor;
LORENZO NAPOLEONI, Shareholder;
SOFIA NAPOLEONI, Shareholder,

Defendants-Appellants.

No.   22-15109

D.C. No. 4:19-cv-03004-YGR

MEMORANDUM*

---

INTERNATIONAL PETROLEUM
PRODUCTS AND ADDITIVES
COMPANY, INC., Judgment Creditor,

Plaintiff-Appellee,

v.

BLACK GOLD S.A.R.L., Judgment Debtor,

Defendant,

and

LORENZO NAPOLEONI, Shareholder;

No.   22-16341

D.C. No. 4:19-cv-03004-YGR

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

SOFIA NAPOLEONI, Shareholder,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted February 12, 2024
San Francisco, California

Before: BEA, HAMILTON,[**] and CHRISTEN, Circuit Judges.

Defendants-Appellants Black Gold S.A.R.L., Lorenzo Napoleoni, and Sofia Napoleoni (Appellants) appeal the district court's final judgment, which found that Mr. and Mrs. Napoleoni (the Napoleonis) are Black Gold's alter ego and are thus jointly and severally liable for International Petroleum Products and Additives Company, Inc.'s (IPAC's) approximately $1 million judgment award against Black Gold.[1] Appellants also appeal the district court's subsequent order, which granted IPAC's motion for attorneys' fees and costs against the Napoleonis. The parties are familiar with the facts, which we recount here only where necessary. We have jurisdiction under 28 U.S.C. § 1291. For the reasons stated below and in the

---

[**] The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

[1] While Black Gold is procedurally an "Appellant" in this case, proceedings are stayed as to Black Gold, and they do not advance any arguments on appeal. Where this disposition refers to arguments made by "Appellants," it is referencing arguments made by the Napoleonis, not Black Gold.

2

published decision filed concurrently with this memorandum, we affirm the district court's final judgment and award of attorneys' fees and costs.

A district court's conclusions of law are reviewed de novo. *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1068 (9th Cir. 2015). A district court's order imposing discovery sanctions or awarding attorneys' fees and costs is reviewed for abuse of discretion. *See Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018); *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005).

1. We find no error in the district court's determination that California's and Monaco's standards for alter ego liability are "substantially similar." Appellants' only ground for challenging this finding of no conflict is that the BAP later stated in *In re Black Gold S.A.R.L.* that Monaco "does *not* provide for a legal theory of alter ego." 635 B.R. 517, 532 (BAP 2022) (emphasis added). We take Appellants' argument to be that the district court was bound by the BAP's passing remark, which it made without further legal analysis, and that we must therefore remand for district court to redo its alter ego analysis. We reject this position because BAP decisions generally do not bind district courts. *See Bank of Maui v. Est. Analysis, Inc.*, 904 F.2d 470, 472 (9th Cir. 1990). Thus, even if we did remand, the district court would be "free to decline to follow" the BAP's statement. *Id.*

2. The district court did not abuse its discretion in drawing adverse inferences against Black Gold as a sanction for Black Gold's discovery misconduct. *See* Fed.

3

R. Civ. P. 37(b)(2)(i) (permitting courts to direct that certain "designated facts be taken as established for purposes of [an] action" if "a party or a party's officer, director, or managing agent" "fails to obey an order to provide or permit discovery"). The district court made all the required findings under Rule 37. The court expressly found that Black Gold, as a "party" to IPAC's enforcement-of-judgment action, refused to respond meaningfully to IPAC's discovery requests and "fail[ed] to obey [the court's] order[s] to provide . . . [this] discovery." *Id.* And as Rule 37 permits, the district court then ordered that certain facts "designated" by IPAC "be taken as established for purposes of the [underlying] action"—namely, that Mr. Napoleoni, as Black Gold's 50% shareholder and sole officer, "diverted" Black Gold's "funds" and "business" "to undercapitalize Black Gold [and] . . . to avoid paying [IPAC's] judgment" and that the he "continu[es] to profit from the illicit use of IPAC's trade secrets by making and selling" products based on those trade secrets. Importantly, these designated facts tracked the substance of the discovery requests to which Black Gold refused to respond. Because the district court's adverse inference order followed Rule 37 to the letter, we find no error with the district court's analysis.[2]

_____

[2] Nor do we agree with Appellants that the BAP's decision in *In re Black Gold* undermined the district court's finding that Black Gold's insolvency proceedings in Monaco were a "sham" designed to obstruct IPAC's collection efforts. BAP clearly agreed with the bankruptcy court that the Monaco proceedings were "designed to thwart the collection efforts" of IPAC—Black Gold's "largest creditor." 635 B.R. at 531. The BAP concluded only that this was an insufficient basis to deny Black Gold's Chapter 15 petition for recognition of the Monaco proceedings. *See id.*

4

3. The Napoleonis forfeited their argument that IPAC's motion for attorneys' fees and costs was untimely. *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010). As the Napoleonis concede, they did not raise their timeliness argument below. And while it is within our discretion to consider forfeited arguments on appeal, we decline to do so here. *United States v. Northrop Corp.*, 59 F.3d 953, 957 n.2 (9th Cir. 1995).

**AFFIRMED.**