**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS SCOTT FLORER, | No. 24-2591 |
| Plaintiff - Appellant, | D.C. No. 1:22-cv-00449-BLW-DKG |
| v. | MEMORANDUM* |
| FORD MOTOR COMPANY; LITHIA FORD OF BOISE; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted January 22, 2026**

Before:     WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Dennis Scott Florer appeals pro se from the district court's judgment

dismissing his action alleging violations of the Magnuson-Moss Warranty Act and

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

awarding attorney's fees and costs to Ford Motor Company. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (dismissal for failure to comply with a court order under Fed. R. Civ. P. 41(b)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (dismissal as a discovery sanction under Fed. R. Civ. P. 37). We affirm.

The district court did not abuse its discretion in dismissing as a sanction Florer's action after Florer failed to comply with the district court's discovery orders, including orders to appear for his deposition. *See* Fed. R. Civ. P. 37(b)(2) (permitting dismissal of an action where a party has failed to comply with court's discovery orders); Fed. R. Civ. P. 41(b) (permitting dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Applied Underwriters*, 913 F.3d at 890-91 (setting forth five factors to be considered before dismissing under Rule 41(b)); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226, 1233 (9th Cir. 2006) (discussing five factors that courts must weigh in determining whether to dismiss under Rule 37(b) and explaining that "Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, *or* fault of the party" and that "[d]isobedient conduct not shown to be outside the litigant's control meets this standard" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by sanctioning Florer in the amount of costs and attorney's fees associated with Ford Motor Company's second motion to compel, motion for sanctions, and attempts to depose Florer. *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."); Fed. R. Civ. P. 37(a)(5)(A) (requiring, if discovery is provided after filing a motion to compel, that the court order "the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"); Fed. R. Civ. P. 37(b)(2)(C) (authorizing sanctions for failure to comply with discovery orders); Fed. R. Civ. P. 37(d)(3) (authorizing sanctions and requiring payment of reasonable expenses and attorney's fees for failure to appear at deposition); *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1221 (9th Cir. 2018) (setting forth standard of review for a district court's sanctions order).

In light of our disposition, we do not consider Florer's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (where dismissal was a sanction, interlocutory orders are not appealable).

**AFFIRMED.**

3                                                                 24-2591